THIRD DISTRICT—DECEMBER, 1910.     315

The People of the State of Illinois v. Baum, 159 Ill. App. 315.

under the evidence and there being no prejudicial error in this record, the judgment below is affirmed.

*Affirmed.*

---

## The People of the State of Illinois, Defendant in Error, v. Edwin Baum, Plaintiff in Error.

1. DRAM-SHOPS—*when records competent.* Upon failure to produce the original stamp or license issued by the government upon proper notice, the record of the government showing the issuance of such stamp or license is competent.

2. DRAM-SHOPS—*when indictment sufficient.* Held, that the indictment in this case charging the conduct of a saloon in anti-saloon territory was not insufficient in that it did not specifically set forth how and upon what conditions the township in question became anti-saloon territory.

3. DRAM-SHOPS—*when sufficiency of indictment not saved for review.* Held, that in the state of the record in this case the sufficiency of the indictment was not saved for review.

4. INSTRUCTIONS—*refusal of cautionary.* While it is proper in certain cases to give instructions of a cautionary character it is not reversible error to refuse a cautionary instruction although it could very properly have been given.

Prosecution for unlawful sale of intoxicating liquors. Error to the Circuit Court of Macon county; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed December 7, 1910.

C. E. SCHROLL, for plaintiff in error.

W. E. REDMON, for defendant in error.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff in error was indicted by the grand jury of Macon county, indictment consisting of six counts. The first five counts charged plaintiff in error with the illegal sale of intoxicating liquors in anti-saloon terri-

316 APPELLATE COURTS OF ILLINOIS.

The People of the State of Illinois v. Baum, 159 Ill. App. 315.

tory and the sixth charged him with keeping a place where intoxicating liquors were sold within anti-saloon territory.

The trial resulted in a verdict finding defendant guilty on the first, second, third and sixth counts of the indictment. The court rendered judgment on the verdict, fining plaintiff in error one hundred dollars on each of the first, second and third counts and seventy-five dollars on the sixth count, and ordered that he be confined in the county jail twenty days as a part of the judgment on the sixth count, and that he stand committed to the county jail until all fines and costs were paid, or otherwise discharged, etc., and that the sheriff close the place of business until defendant give bond in the sum of $1,000 as required by statute.

Plaintiff in error prosecutes this writ of error·to reverse that judgment.

The record in this case discloses that plaintiff in error was the keeper of what was known as a soft drink parlor in the city of Decatur at No. 142 Merchant street; that in the basement of this place of business was fitted up a bar and at least two witnesses testify that they purchased whisky over this bar in the basement of plaintiff in error's place of business.

For the purpose of protecting him against Federal interference and prosecution he obtained a government license or revenue stamp for the sale of intoxicating liquors at that place. This license or stamp was taken in the name of the "Metropolitan Club" with plaintiff in error as "proprietor." Two witnesses testify positively to having purchased whisky at this place and paid for the same. Plaintiff in error was served with a notice to produce his revenue stamp or license upon the trial; he failed to do so, and the records of the issuing and granting of this license or stamp to the Metropolitan Club with plaintiff in error as proprietor as shown in the office of the Internal Revenue Collector at Springfield, Illinois, was offered in evidence. This record was objected to and the only objection made to

its introduction was, because it did not properly describe plaintiff in error as a keeper of a soft drink parlor in the city of Decatur.   The original revenue stamp being in possession of or control of defendant, his failure to produce it authorized the admission of the best evidence possible on the part of the people, and this was the record; plaintiff having failed to produce the original stamp or license upon proper notice given to him, the records were properly admissible in evidence to show the issuance of this stamp to the Metropolitan Club with plaintiff in error as proprietor.

Plaintiff in error offered no evidence whatever upon the trial of the case and insists that the evidence on behalf of the people is not sufficient to warrant a conviction.   The record in this case fully justifies the finding of the jury and the judgment is fully warranted by the evidence.

Plaintiff in error complains of the refusal of an instruction which was intended as a cautionary instruction concerning the weight of evidence to be given the parties employed for the purpose of securing evidence against plaintiff in error in this cause.   While it is proper in certain cases to give instructions of a cautionary character, it is not reversible error to refuse a cautionary instruction although it could very properly have been given and there was no error in the refusal of this instruction complained of in this case.

Plaintiff in error insists that the indictment is not sufficient in that it does not specifically set forth how and upon what conditions the Decatur township became anti-saloon territory and that the averment in the indictment that it is anti-saloon territory was a mere conclusion of the pleader and was not sufficient to support a verdict.   Regarding this matter it is sufficient to refer to the statute concerning the sale of intoxicating liquors in anti-saloon territory.   Paragraph 41, chapter 43, Hurd's Revised Statutes, fully covers this question. But even if plaintiff in error's contention could be sustained, he is in no position to raise that question on this

record for the reason no motion for a new trial or the ruling of the court thereon is preserved in the bill of exceptions; neither is any exception preserved in the record or bill of exceptions to the ruling of the court in denying the motion for a new trial, nor does the record or the bill of exceptions contain any exception to the action of the court in overruling the motion in arrest of judgment, nor is there any exception preserved in the record or bill of exceptions to the judgment rendered by the court in this cause. The only exception preserved either in the record or the bill of exceptions is an exception to the verdict returned by the jury, and there are, therefore, no questions properly presented in this record for the consideration of this court and the judgment below is affirmed.

*Affirmed.*